IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RITA M FARBAK, | ) |
|           Plaintiff, | ) |
| v. | ) |
| | ) Case No. |
| CONSULTANTS IN CARDIOLOGY & ELECTROPHYSIOLOGY, LLC | ) |
|           Defendant. | ) |

## COMPLAINT

RITA M FARBAK, by her attorneys, DANIEL G. AUSTIN, OF the AUSTIN LAW GROUP, LLC complains against defendant, CONSULTANTS IN CARDIOLOGY & ELECTROPHYSIOLOGY, LLC, ("CCE") and alleges as follows:

### NATURE OF ACTION

1. Plaintiff Rita M Farbak brings this civil action for violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 et. seq., as amended, by Defendant who intentionally discriminated against her on the basis of age and retaliated against her for making her complaint against age discrimination by Defendant's primary, Dr. Al-Kaled. Plaintiff further brings this action for violations of the Illinois Human Rights Act, 775 ILCS 5/2-102(A).

### JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. §1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. §621 et. seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202. This Court also has jurisdiction over the matter and the parties pursuant to 28 U.S.C. §1331.

3. Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b)(1) and (2) because one or more parties reside within this judicial district and a substantial part of the events or omissions giving rise to the claim occurred herein.

## ADMINISTRATIVE PROCEDURE

4. Plaintiff Rita M Farbak exhausted and fulfilled all conditions precedent to the institution of this lawsuit under the ADEA and IHRA. She timely filed charges of discrimination with the Equal Employment Opportunity Commission on July 23, 2020. A right to Sue Letter was issued by EEOC to Plaintiff on June 15, 2021.

5. Rita M Farbak is a sixty-five (72) year old resident of Evergreen Park, Illinois who was employed by Defendant for twenty-seven (27) years.

6. Defendant Consultants In Cardiology & Electrophysiology, LLC ("CCE") is a healthcare provider and former employer of Plaintiff. CCE is an employer within the meaning of 29 U.S.C. §630(b). At all relevant times hereto, CCE has continuously employed and does now employ in excess of twenty (20) employees and affects interstate commerce.

7. On March 31, 2020, Rita M Farbak was fired by Defendant CCE following her complaint to the owners of CCE concerning the discriminatory conduct she was forced to endure from Dr. Al-Kaled.

## COUNT I – AGE DISCRIMINATION - ADEA

8. Paragraphs one (1) through seven (7) are incorporated by reference as if fully set out herein.

9. In 1993, Plaintiff became an employee at CCE. She excelled in her position, received regular merit increases and consistently performed beyond the standards of her job.

10. The few critiques related to performance of her duties over the course of twenty plus years of employment were readily addressed and thereby resolved immediately.

11. In February 2020, just months before Plaintiff was to celebrate her 65th, she was told by Dr. Al-Kaled that since she was "Medicare age" as her sixty-fifth birthday was coming up at the end of May she should retire. Dr. Al-Kaled further tried to justify his age laced demand by telling her that CCE was in negotiations to become affiliated with a large healthcare organization that "doesn't want older people." He also had asked her the age of a co-employee who was also nearing age sixty-five (65).

12. Dr. Al-Kaled's age laced commentary continued toward Rita in the days thereafter. He would ask Rita what her plans are going forward because "you are getting older". He would state to her that "your birthday is coming up", "you are retirement age", and you are "retiring". He directed her to tell the staff that she was retiring.

13. Rita objected to each of Dr. Al-Kaled's age laced comments and reminded him that she has no plans to retire.

14. The following month, Dr. Al-Kaled provided Plaintiff paperwork offering her a "retirement package."

15. Dr. Al-Kaled wanted Rita to train a younger employee to perform each of her duties.

16. When Rita requested a copy of her employee personnel file from CCE, both her request was refused, and she was told that she could not view it because it was confidential and the property of CCE.

17. Rita complained about the words and actions of Dr. Al-Kaled to Defendant using the method prescribed in CCE's handbook through a letter to the owners including Dr. Al-Kaled.

18. Plaintiff was subjected to purposeful discrimination on the basis of her age, 64 (sixty-four), in violation of the ADEA, as amended, 29 U.S.C. §621 et. seq.

19. As a direct and proximate result of the above alleged willful and reckless acts and/or omissions of Defendant, Plaintiff has suffered damages, including but not limited to lost and foregone wages and benefits.

WHEREFORE Plaintiff RITA M FARBAK prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to be a violation of the rights guaranteed to the Plaintiff pursuant to appropriate federal law:

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practice that unlawfully discriminated on the basis of age;

C. Order that Defendant make RITA M FARBAK whole by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Order Defendant to pay lost, forgone and future wages to RITA M FARBAK

E. Grant the Plaintiff consequential, compensatory, liquidated and any other damages that the Court may deem appropriate;

F. Grant the Plaintiff an award of her attorney fees, costs and disbursements, and,

G. Grant such other relief as is just and proper.

## COUNT II – RETALIATION

20. Paragraphs eight (8) through seventeen (17) are incorporated by reference as if fully set out herein.

21. Shortly thereafter, retaliation against Rita began.

22. As a direct result of Plaintiff's complaint, Dr. Al-Kaled had Rita locked out of both the office and her remote access to Defendant's computer systems making it impossible for her to perform her job responsibilities.

23. Rita was fired by Defendant on March 31, 2020.

24. Upon information and belief, Rita's job responsibilities and role was thereafter performed by an employee more than ten years her junior.

25. Plaintiff's known opposition to and complaint against workplace discrimination constituted protected conduct.

26. The foregoing acts of Defendant retaliated against Rita and were in violation of 29 U.S.C. §623a.

27. The foregoing acts had the purpose and/or effect of retaliating against Rita for making her complaints about age discrimination.

28. Dr. Al-Kaled was the managing member of CCE and as such was impliedly and expressly empowered to authorize or ratify workplace conduct including his own as directed toward Rita.

29. After Rita complained to the owners of CCE about Dr. Al-Kaled's conduct, its action -- and thereby failure to act -- constitutes authorization and ratification of Dr. Al-Kaled's words and conduct toward Rita.

30. The foregoing acts of Defendant were deliberate, intentional, willful, wanton and malicious and in reckless disregard of Plaintiff's civil rights.

WHEREFORE Plaintiff RITA M FARBAK prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to be a violation of the rights guaranteed to the Plaintiff pursuant to appropriate federal law:

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practice that unlawfully discriminated on the basis of age;

C. Order that Defendant make RITA M FARBAK whole by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Order Defendant to pay lost, forgone and future wages to RITA M FARBAK;

E. Grant the Plaintiff consequential, compensatory, liquidated and any other damages that the Court may deem appropriate;

F. Grant the Plaintiff an award of her attorney fees, costs and disbursements, and,

G. Grant such other relief as is just and proper.

### COUNT III – AGE DISCRIMINATION - IHRA

31. Paragraphs eight (8) through seventeen (17) are incorporated by reference as if fully set out herein.

32. Defendant is an employer as defined by IHRA, 775 ILCS 5/2-101(B)(1)(a). At all relevant times hereto CCE has continuously employed and does now employ in excess of fifteen (15) employees.

33. Plaintiff was subjected to purposeful discrimination on the basis of her age, sixty-four (64), in violation of the IHRA.

34. As a direct and proximate result of the above alleged willful and reckless acts and/or omissions of Defendant, Plaintiff has suffered damages, including but not limited to lost and foregone wages and benefits, pain and suffering, and humiliation and embarrassment.

WHEREFORE Plaintiff RITA M FARBAK prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to be a violation of the rights guaranteed to the Plaintiff pursuant to Illinois law:

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practice that unlawfully discriminated on the basis of age;

C. Order that Defendant make RITA M FARBAK whole by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Order Defendant to pay lost, forgone and future wages to RITA M FARBAK;

E. Grant the Plaintiff consequential, compensatory and any other damages that the Court may deem appropriate;

F. Grant the Plaintiff an award of her attorney fees, costs and disbursements, and,

G. Grant such other relief as is just and proper.

## COUNT IV – RETALIATION - IHRA

33. Paragraphs twenty (20) through twenty-five (25) and paragraphs twenty-eight (28) through twenty-nine (29) are incorporated by reference as if fully set out herein.

34. Rita opposed what she reasonably and in good faith believed to be unlawful age discrimination when she complained to CCE about Dr. Al-Kaled's words and conduct.

35. Plaintiff was subjected to retaliation in violation of the IHRA.

36. The foregoing acts of Defendant retaliated against Rita and were in violation IHRA 775 ILCS 5/6-101(A)

37. The foregoing acts had the purpose and/or effect of retaliating against Rita for making her complaints about age discrimination.

38. The foregoing acts of Defendant were deliberate, intentional, willful, wanton and malicious and in reckless disregard of Plaintiff's rights under the IHRA.

39. As a direct and proximate result of the above alleged willful and reckless acts and/or omissions of Defendant, Plaintiff has suffered damages, including but not limited to lost and foregone wages and benefits, pain and suffering, and humiliation and embarrassment.

WHEREFORE Plaintiff RITA M FARBAK prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to be a violation of the rights guaranteed to the Plaintiff pursuant to Illinois law:

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practice that unlawfully discriminated on the basis of age;

C. Order that Defendant make RITA M FARBAK whole by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Order Defendant to pay lost, forgone and future wages to RITA M FARBAK;

E. Grant the Plaintiff consequential, compensatory, liquidated and any other damages that the Court may deem appropriate;

F. Grant the Plaintiff an award of her attorney fees, costs and disbursements, and,

G. Grant such other relief as is just and proper.

Respectfully submitted,

**RITA M FARBAK**

By:    /s/ Daniel G. Austin
           One of her Attorneys

**RULE 38 JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff Rita M Farbak demands trial by jury.

Daniel G. Austin
AUSTIN LAW GROUP, LLC
15 Salt Creek Lane
Suite 321
Hinsdale, Illinois 60521
P: (312) 829-2300
austinlawgroup@outlook.com